IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMIR WILLIAMS | : | CIVIL ACTION |
| | : | |
| v. | : | No. 17-5408 |
| | : | |
| ROBERT GREENE, | : | |
| et al. | : | |

## ORDER

AND NOW, this 13th day of March, 2019, upon careful and independent consideration of

Petitioner Jamir Williams's pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, and

the response thereto, and upon de novo review of the Report and Recommendation of United States

Magistrate Judge Richard A. Lloret, to which no objections have been filed,[1] it is ORDERED:

      1.      Williams's Motion to Reopen Court Order Pursuant to Rule 60(b) (Document 7) is

GRANTED [2];

---

[1] The Report and Recommendation was sent to all parties of record on December 20, 2018, together with a Notice from the Clerk of Court advising the parties of their obligation to file any objections within 14 days after service of the Notice. *See* Local R. Civ. P. 72.1 IV(b) ("Any party may object to a magistrate judge's proposed findings, recommendations or report under 28 U.S.C. § 636(b)(1)(B) . . . within fourteen (14) days after being served with a copy thereof."). To date, no objections have been received by the Court.

[2] On December 1, 2017, Petitioner Jamir Williams filed a 28 U.S.C. § 2254 habeas petition with respect to his conviction in *Commonwealth v. Williams*, Docket No. CP-23-CR-000**3302**-2012. Contemporaneously, Williams filed a motion to stay consideration of his petition pending exhaustion of his remedies in state court pursuant to Pennsylvania's Post-Conviction Relief Act (PCRA). On March 1, 2018, Judge Lloret granted Williams's motion to stay his habeas proceedings pending the outcome of his PCRA proceedings. However, the March 1, 2018, Order incorrectly listed the underlying Pennsylvania case as *Commonwealth v. Williams*, Docket No. CP-23-CR-000**2378**-2012, which is subject to its own distinct habeas proceedings in this Court, *see Williams v. Superintendent, SCI-Greene, et al.*, Civil Docket No. 18-2500.

      After Williams became aware of the mistaken Pennsylvania case docket number, Williams moved to reopen the March 1, 2018, Order to make the necessary correction pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Judge Lloret held Williams's motion under advisement. On December 17, 2018, Judge Lloret issued a Report and Recommendation (R&R), which recommended the Court deny Williams's habeas petition without prejudice as to reassertion after he

2.       The Court's March 1, 2018, Order (Document 6) is VACATED;

3.       The Report and Recommendation (Document 12) is APPROVED and ADOPTED;

4.       Williams's Petition for Writ of Habeas Corpus (Document 1) is DENIED and DISMISSED without prejudice; and

5.       Williams having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.

has exhausted his state court PCRA remedies. Judge Lloret did not, however, rule on Williams's motion to correct the March 1, 2018, Order or vacate the stay.

To clarify the record, the Court grants Williams's Rule 60(b) motion to specify that these habeas proceedings pertain to *Commonwealth v. Williams*, Docket No. CP-23-CR-0003302-2012. However, because the Court agrees with the R&R that the statute of limitations for the filing of a habeas petition is tolled pending the exhaustion of Williams's state remedies, the Court will vacate the March 1, 2018, Order staying this case and dismiss his petition without prejudice to reassertion once those remedies are exhausted.